Yes, Your Honors. My name is Tim Stedman. I'm here on behalf of the appellants, and this is a very unusual argument and a very unusual appeal. And I do want to thank the court for granting our request to oral argument. We felt that given the kind of unusual nature of this, it was important to be available to ask some questions. What we're asking the court to do, this is an appeal from an FLSA settlement where the district court reversed the agreed upon fee amount by 75% despite the fact that the plaintiffs received more than they could have received at trial. And that the amount of the fee request was negotiated separately after the amount to the plaintiffs was decided. So we're asking this court to reverse with instructions to award the agreed upon amount. The background of how these settlements get approved is somewhat murky. District courts split several different ways on whether approval is even required for an FLSA settlement, especially when it's not a class and collective action. Defendants typically want settlements approved to guarantee that the plaintiffs have waived their right to bring another claim, to seek additional damages, to seek liquidated damages. The purpose of the review of the settlements is to protect plaintiffs, not defendants, and not plaintiffs counsel. And the purpose of the review of attorney fee awards is to protect plaintiffs and to prevent that conflict of interest between the attorney and his counsel that might arise when the defendant is paying both bills. But again, the review of fee awards is not meant to protect the defendant from overpaying at all. The review is to protect the plaintiffs, not plaintiffs counsel. It's also not to protect plaintiffs counsel from agreeing to too little. Here you had a sophisticated party represented by a sophisticated counsel. And after the claims were resolved, they agreed to pay $87,500 as the payment for the attorney's fees, costs, and expenses. The party submitted the agreement to the court. The court asked for more information, testing out that balance. Was the agreement translated for the parties? How did you come up with the amount to the plaintiffs? This case had a long history, and that information was provided. And then the district court asked for the plaintiffs to file a motion for attorney's fees, which was provided and submitted billing and documentation showing that there were over $500,000 in fees and over $90,000 in costs and expenses incurred throughout the course of the litigation. And also discussed the fact that the parties had agreed upon this amount. And given the facts and circumstances, the court should award that fee. I want to ask about the mediation. Were you directed or asked or how did you initiate? How did the mediation, who initiated the mediation? There were actually three in-person settlement conferences in the case. I believe the defendants asked for all three. And at all three, the defendants wanted to negotiate the amount to be paid to plaintiffs and the amount to be paid to the class separately. It's often done differently, and that's not required. But in this case, the defendants wanted to negotiate that matter separately, and that's what was done. At the third settlement conference, there was one with a private mediator. There was one with Judge Ford before the case was decertified, and there was one with Judge Ford after the case was decertified. None of those three settlement conferences resulted in a settlement. After the third settlement conference and the court's decision on motion for summary judgment, the parties resolved their dispute and entered into the agreement. Is there a separate class settlement? No, Your Honor. The case was decertified, so certain members of that class have refiled claims in Arkansas State Court against OK Foods, and that matter is still pending. But as far as purposes of this settlement, the case was decertified, and those plaintiffs were sent on their own. Now in the Supreme Court's, really the seminal case on attorney's fees in Hensley, the Supreme Court noted that ideally the parties are going to agree on the amount of fees. That hardly ever happens because it's a tough thing to negotiate. The plaintiff's counsel always wants more money. The defense counsel always wants to pay less money. If the parties can come to an agreement, that's great. That settles the judicial resources. There are appropriate circumstances for the court to police those agreements, and that's to protect the plaintiff's counsel, to make sure if it was done on a global basis, to make sure that allocation is fair and it reflects the work that was done. The plaintiff's counsel isn't selling out plaintiffs themselves for a higher fee award. But Rule 41 does say that it is dismissed on terms that the court deems to be proper, right? Yes, Your Honor. So wouldn't that give the court the authority to scrutinize the fee agreement? Your Honor, while the court would have some authority to scrutinize the agreement, it would still need to be scrutinized in a manner to promote the purposes by which you would do it. It doesn't say for the purposes of protecting the plaintiff and the plaintiff's lawyer. No, Your Honor. It says terms deemed proper, right? Yes, Your Honor. But outside of, and really outside of FLSA settlements, courts simply dismiss cases when the parties stipulate to the dismissal without prejudice. In this case, the parties agreed to dismiss the case, or I'm sorry, the parties agreed to dismiss the case with prejudice. The stipulation could have been achieved under 41A1, but for the fact that defendants were concerned that that would not extinguish the underlying liability. I mean, I'm not aware of any case where the district court has simply attached terms. Those terms would still have to be to further some purpose associated with. . . Wouldn't the court first have to have jurisdiction before Rule 41 would apply? I'm sorry? Wouldn't the district court first have to have jurisdiction before Rule 41 could be applied? They would have to, yes, Your Honor. The court would have to have subject matter jurisdiction before 41A1 could be applied, but in this case, the complaint was filed. I don't think there was ever a challenge to subject matter jurisdiction, and it was. . . Your Honor, I believe that when the parties submitted the motion to the court to approve the fee request, they would have jurisdiction to look at that, but it would still be bounded by what the courts have said previously is an appropriate consideration for the district court. And if this practice stands, it's difficult enough to agree on fees as it is, and if a fee agreement comes together, parties won't agree to fees. There's no upside. In this case, setting aside the district court's order, essentially the plaintiff's counsel would just be agreeing to a ceiling, and if the court can set aside the floor, the agreement, what was agreed to be paid, there's no reason that the court couldn't set aside the agreement as well and say, well, defendant, I'm not going to dismiss this case unless you agree to pay $185,000. Again, in this case, the law is not meant to either protect the defendants or the defendant's counsel. Adding on to it, this case, the district court did not calculate the lodestar. So under Jones and Quigley, that's reversible error. It's difficult to tell what the district court thought other than the agreed upon amount was too much and that he thought $22,500 was a good amount. But didn't you invite the district court to forego calculating a lodestar? Yes, Your Honor. Just as we've argued today, the district court could easily forego calculating the lodestar because it can simply— So if it erred doing that, it was invited error, was it not? No, Your Honor, because the invitation was to simply confirm the party's agreement. The invitation wasn't simply to look at it and do what you think is right. The invitation was, we don't think you need to calculate this because it's clear $87,500 is reasonable. That's what they agreed to pay, and there is no taint to the settlement. We didn't invite the district court to simply exercise his judgment on what he felt was a reasonable amount of attorney's fees, costs, and expenses for litigating this case. The simplest thing to do would be to reverse and remand the case with instructions to award the agreed upon amount. That respects judicial efficiency. And as Your Honor pointed out in Quigley, calculating the lodestar is fact-intensive and time-consuming. But here, there's no reason to go through that fact-intensive and time-consuming analysis because unless the court finds that it's less than $87,500, the agreement would say it was capped at $87,500. Our final argument I did just want to address briefly is that if it is reversed with instructions to calculate the lodestar, we'd ask that it be reassigned to a different judge. Given the unusual circumstances, Judge Holmes has essentially stepped into his role as an advocate. I see I'm out of time, but I'm happy to answer any other questions. Seeing none, thank you. Appreciate your argument. Thank you. The case will be submitted and decided in due course.